IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SONNY RAY HARDAWAY, | ) | No. C 15-0495 RMW (PR) |
| Plaintiff, | ) | |
| | ) | ORDER TO SHOW CAUSE |
| v. | ) | |
| A. DAYS, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages for alleged civil rights violations. Plaintiff has also filed an application for leave to proceed in forma pauperis ("IFP"). (Docket No. 3).

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that

is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for section 1915(g) purposes. <u>See id.</u> Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." <u>Id.</u>

<u>Andrews</u> requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. <u>Id.</u> <u>Andrews</u> implicitly allows the court to raise the section 1915(g) problem <u>sua sponte</u>, but requires the court to notify the prisoner of the earlier dismissals it considers to support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. <u>See id.</u> at 1120. A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in plaintiff's prior prisoner actions reveals that he has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the court believes the following federal district court dismissals may be counted as dismissals for purposes of section 1915(g): (1) <u>Hardaway v. Board of Prison Term</u>, No. C 91-0658-CAL (N.D. Cal. March 7, 1991) (dismissing complaint for failure to state a claim); (2) <u>Hardaway v. Money, et al.</u>, No. 01-0458-FDC-DAD (E.D. Cal. March 7, 2001) (adopting report and recommendation to dismiss action for failure to state a claim); (3) <u>Hardaway v. Wright, et al.</u>, No. 01-0958-GEB-DAD (E.D. Cal. May 17, 2001) (adopting report and recommendation dismissing the case for failure to state a claim); (4) <u>Hardaway v. Runnels, et al.</u>, No. 06-0451-ALA (E.D. Cal. March 6, 2006) (dismissing action and directing that it count as a "strike," pursuant to Section 1915(g)); (5) <u>Hardaway v. State of California</u>, No. 06-0695-MCE-EFB (E.D. Cal April 19, 2006) (adopting

1  report and recommendation dismissing action for failure to file a timely amended complaint); (6)
2  <u>Hardaway v. Dept. of Corrections, et al.</u>, No. 06-1588-GEB-GGH (E.D. Cal. July 17, 2006
3  (same); (7) <u>Hardaway v. Olsen, et al.</u>, No. 06-1406-LJO-LJO (E.D. Cal. Oct. 5, 2006) (same); (8)
4  <u>Hardaway v. Access Securepak, et al.</u>, No. 07-0254-OWW-SMS (E.D. Cal. Feb. 7, 2007)
5  (adopting report and recommendation that action be dismissed for failure to state a claim); (9)
6  <u>Hardaway v. State of California, et al.</u>, No. 08-1663-PMP-GWF (E.D. Cal. July 18, 2008)
7  (same); (10) <u>Hardaway v. Twleve Jurors</u>, No. 06-2983 JF (N.D. Cal. May 3, 2006) (dismissing
8  for failure to state a claim and recognizing that plaintiff has had three strikes pursuant to Section
9  1915(g)); (11) <u>Hardaway v. Barni, et al.</u>, No. 06-3637 JF (N.D. Cal. June 8, 2006) (same); (12)
10 <u>Hardaway v. Lambden, et al.</u>, No. 06-6578 JF (N.D. Cal. Oct. 23, 2006) (same); (13) <u>Hardaway
11 v. Specter</u>, No. 06-6786 JF (N.D. Cal. Nov. 1, 2006) (same); (14) <u>Hardaway v. Fogel</u>, No. 08-
12 3677 WHA (N.D. Cal. Aug. 1, 2008) (dismissing action for failure to state a claim); and (15)
13 <u>Hardaway v. County of Alameda, et al.</u>, No. 08-4322 JF (N.D. Cal. Sept. 15, 2008) (dismissing
14 action under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)). The court made its evaluation of these
15 cases based on documents the court previously took judicial notice of in its order revoking
16 plaintiff's IFP status and order of dismissal in <u>Hardaway v. Chavez-Epperson</u>, No. 12-5459
17 RMW (N.D. Cal. order filed Feb. 3, 2014).
18       In light of these dismissals, and because plaintiff does not appear to be under imminent
19 danger of serious physical injury, <u>see</u> <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir.
20 2007), plaintiff is ORDERED TO SHOW CAUSE in writing no later than <u>thirty (30) days</u> from
21 the date of this order why his motion for leave to proceed IFP should not be denied and this
22 action should not be dismissed pursuant to 28 U.S.C. § 1915(g). If plaintiff is so inclined, he
23 may avoid dismissal by paying the $400.00 filing fee. In any event, the court will continue to
24 review under section 1915(g) all future actions filed by plaintiff while he is incarcerated in
25 which he seeks IFP status.
26       <u>Failure to file a timely response or failure to pay the full filing fee in will result in the
27 dismissal of this action without further notice to plaintiff.</u>
28

1   IT IS SO ORDERED.
2   DATED: _____

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

Order To Show Cause
P:\PRO-SE\RMW\CR.15\Hardaway495osc1915.wpd    4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY RAY HARDAWAY et al, | Case Number: CV15-00495 RMW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| A. DAYS, et al., | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 12, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Sonny Ray Hardaway P-45579
Salinas Valley State Prison
B4143U
PO Box 1050
Salinas, CA 93960

Dated: June 12, 2015

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk