IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY RAY HARDAWAY,<br><br>   Plaintiff,<br><br>   v.<br><br>A. DAYS, et al.,<br><br>   Defendants. | No. C 15-0495 RMW (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a motion to proceed in forma pauperis ("IFP"). The court issued an order to plaintiff to show cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(g). Plaintiff has filed a response. For the reasons that follow, the court DISMISSES this case.

**DISCUSSION**

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

Order of Dismissal
P:\PRO-SE\RMW\CR.15\Hardaway495dis1915g.wpd

1  prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase

2  "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the

3  language of Federal Rule of Civil Procedure 12(b)(6)." Andrews v. King, 398 F.3d 1113, 1121

4  (9th Cir. 2005). A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or

5  importance: having no basis in law or fact." Id. (internal quotation and citation omitted).

6        The plain language of the imminent danger clause in § 1915(g) indicates that "imminent

7  danger" is to be assessed at the time of filing, not at the time of the alleged constitutional

8  violations. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). Plaintiff

9  has the burden of proving that he is in imminent danger of serious physical injury.

10        Plaintiff was given notice that the court believed the following federal district court

11  dismissals may be counted as dismissals for purposes of section 1915(g): (1) Hardaway v. Board

12  of Prison Term, No. C 91-0658-CAL (N.D. Cal. March 7, 1991) (dismissing complaint for

13  failure to state a claim); (2) Hardaway v. Money, et al., No. 01-0458-FDC-DAD (E.D. Cal.

14  March 7, 2001) (adopting report and recommendation to dismiss action for failure to state a

15  claim); (3) Hardaway v. Wright, et al., No. 01-0958-GEB-DAD (E.D. Cal. May 17, 2001)

16  (adopting report and recommendation dismissing the case for failure to state a claim); (4)

17  Hardaway v. Runnels, et al., No. 06-0451-ALA (E.D. Cal. March 6, 2006) (dismissing action

18  and directing that it count as a "strike," pursuant to Section 1915(g)); (5) Hardaway v. State of

19  California, No. 06-0695-MCE-EFB (E.D. Cal April 19, 2006) (adopting report and

20  recommendation dismissing action for failure to file a timely amended complaint); (6) Hardaway

21  v. Dept. of Corrections, et al., No. 06-1588-GEB-GGH (E.D. Cal. July 17, 2006 (same); (7)

22  Hardaway v. Olsen, et al., No. 06-1406-LJO-LJO (E.D. Cal. Oct. 5, 2006) (same); (8) Hardaway

23  v. Access Securepak, et al., No. 07-0254-OWW-SMS (E.D. Cal. Feb. 7, 2007) (adopting report

24  and recommendation that action be dismissed for failure to state a claim); (9) Hardaway v. State

25  of California, et al., No. 08-1663-PMP-GWF (E.D. Cal. July 18, 2008) (same); (10) Hardaway v.

26  Twleve Jurors, No. 06-2983 JF (N.D. Cal. May 3, 2006) (dismissing for failure to state a claim

27  and recognizing that plaintiff has had three strikes pursuant to Section 1915(g)); (11) Hardaway

28  v. Barni, et al., No. 06-3637 JF (N.D. Cal. June 8, 2006) (same); (12) Hardaway v. Lambden, et

1  al., No. 06-6578 JF (N.D. Cal. Oct. 23, 2006) (same); (13) Hardaway v. Specter, No. 06-6786 JF
2  (N.D. Cal. Nov. 1, 2006) (same); (14) Hardaway v. Fogel, No. 08-3677 WHA (N.D. Cal. Aug. 1,
3  2008) (dismissing action for failure to state a claim); and (15) Hardaway v. County of Alameda,
4  et al., No. 08-4322 JF (N.D. Cal. Sept. 15, 2008) (dismissing action under Heck v. Humphrey,
5  512 U.S. 477 (1994)).  The court made its evaluation of these cases based on documents the
6  court previously took judicial notice of in its order revoking plaintiff's IFP status and order of
7  dismissal in Hardaway v. Chavez-Epperson, No. 12-5459 RMW (N.D. Cal. order filed Feb. 3,
8  2014).

9        In response, plaintiff did not argue that any of those fifteen cases would not count as a
10 strike.  A review of these cases demonstrate that they all qualify as "strikes" pursuant to Section
11 1915(g).  First, cases that are dismissed for failure to state a claim clearly count as strikes.
12 Andrews, 398 F.3d at 1121 ("[Section] 1915(g) should be used to deny a prisoner's IFP status
13 only when, after careful evaluation of the order dismissing an action, and other relevant
14 information, the district court determines that the action was dismissed because it was frivolous,
15 malicious or failed to state a claim.").  Second, a dismissal for failure to prosecute an action
16 constitutes a strike when it is based upon the plaintiff's failure to file an amended complaint after
17 the original complaint is dismissed for failure to state a claim.  See, e.g., Peralta v. Martel, 2010
18 WL 2629060, *5 (E.D. Cal. 2010) (dismissal for failure to prosecute without prejudice for failure
19 to file an amended complaint constituted a "strike" under Section 1915(g) where it was "clear
20 from the district court's reasoning that failure to state a claim was a fully sufficient condition for
21 dismissing" the complaint).  Finally, when a case is dismissed under Heck, the complaint "fails
22 to state a claim upon which relief can be granted;" as such, the dismissal is a "strike" under
23 Section 1915(g).  See Johnson v. Fritz, No. 10-01673 EJD, 2011 WL 4830940, at *3 (N.D. Cal.
24 Oct. 12, 2011); Hamilton, v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which
25 falls under the rule in Heck is legally frivolous."); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.
26 1995) ("[I]n light of Heck, the complaint was properly dismissed for failure to state a claim.").

27       Plaintiff asserts that he was under "imminent physical danger" at the time he filed his
28 complaint.  In plaintiff's complaint, plaintiff's allegations include that defendants Vega and Fox

denied plaintiff from laundry, from a convenience move, the right "to be [free] from headache pain, neck pain, shoulder pain, arm pain, elbow pain, wrist pain, hand pain, stomach pain, waist pain, back pain, leg pain, knee pain, ankle pain, and foot pain;" refused to move plaintiff from a top bunk to lower bunk; and denied plaintiff blankets, sheets, pillow case, blue shirts, t-shirts, boxers, socks, athletic shoes, and a jacket. In plaintiff's response to the order to show cause, plaintiff alleged for the first time that he has had a lower bunk chrono since 2011, and that defendants refused to move plaintiff in with a compatible cellmate.

In order to satisfy the exception, an inmate must allege an "ongoing danger." Andrews, 493 F.3d at 1056-57. That is, "a prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the ongoing danger standard." Id. at 1057.

The exhibits to plaintiff's response show that plaintiff has had pre-existing chronic medical ailments and has been continuously treated by medical staff for these issues. Although plaintiff asserts that he has a current lower bunk chrono, plaintiff has not provided any evidence that he has ever had a lower bunk chrono, much less evidence that he had a current lower bunk chrono. In fact, in one of plaintiff's exhibits, the doctor's notes indicate that, as of November 19, 2014, prior to plaintiff filing this complaint on February 3, 2015, plaintiff was requesting a lower bunk chrono from his doctor. (Docket No. 8 at 9.)

Plaintiff's complaint also does provide facts to show that he actually needed a lower bunk or a lower bunk chrono. He merely asserts that he repeatedly asked defendants – who are not medical staff – to move him to a lower bunk. This is insufficient to demonstrate that he was facing imminent physical danger without a lower bunk. Thus, despite plaintiff's assertion that without a lower bunk, plaintiff faced imminent danger of injury, plaintiff's allegation is conclusory and unsupported. Cf. Ciapaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003) ("[c]ourts . . . deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous.")

Rather, plaintiff's argument appears to be nothing more than a disagreement with medical treatment of his arthritis and chronic pain. Under certain circumstances, imminent danger may

arise from the denial of medical treatment for serious or life-threatening diseases.  See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (withdrawal of medications for HIV and hepatitis); Ciapaglini, 352 F.3d at 330 (denial of medication for psychiatric disorders caused plaintiff heart palpitations, chest pains and paralysis).  However, the exception does not apply where the prisoner is receiving medical treatment but disputes the quality of treatment he is receiving.  See Ball v. Famiglio, 726 F.3d 448, 468 (3rd Cir. 2013) (allegations of disagreements about quality of medical care insufficient to show imminent danger); Brown v. Beard, 492 F. Supp. 2d 474, 478 (E.D. Pa. 2007) (same).

In addition, to the extent plaintiff argues that not having a compatible cellmate should satisfy the "imminent physical danger" exception, the court notes that such an argument is wholly conclusory.  Plaintiff does not proffer any facts in his response or in his complaint to infer that his cellmate injured him or that plaintiff felt threatened or unsafe with his cellmate.  Thus, it does not satisfy the exception.

For these reasons, plaintiff's complaint fails to allege that he was in imminent danger at the time he filed it.

## CONCLUSION

Accordingly, plaintiff's motion to proceed IFP is DENIED.  This action is DISMISSED without prejudice to re-filing if plaintiff pays the filing fee.

The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 11/9/2015

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\RMW\CR.15\Hardaway495dis1915g.wpd    5